IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **MARQUISE D. STREET,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| -VS- | * |
| | * |
| **JAIMIE HILL, in His Individual and** | * |
| **Official Capacity as a Detention Officer;** | * |
| **for the GLYNN COUNTY SHERIFF;** | * |
| **SIX JOHN DOES in Their Individual** | *   CIVIL ACTION NO.:  2:24-cv-00115 |
| **and Official Capacities as Detention** | * |
| **Officers for the GLYNN COUNTY** | * |
| **SHERIFF; E. NEAL JUMP in His** | * |
| **Individual and Official Capacity as** | * |
| **SHERIFF OF GLYNN COUNTY,** | * |
| **GEORGIA; and GLYNN COUNTY,** | * |
| **GEORGIA;** | * |
| | * |
| **Defendants.** | * |

**COMPLAINT FOR DAMAGES**

**MARQUISE D. STREET**, Plaintiff in the above-styled action, files this his Complaint for Damages and for compensatory and punitive damages against Defendants **JAIMIE HILL** and **SIX JOHN DOES** Detention Officers with the Glynn County Sheriff; **E. NEAL JUMP**, **SHERIFF of GLYNN COUNTY**, **GEORGIA**; and **GLYNN COUNTY**, **GEORGIA** for the use of excessive force against Mr. Street.

## I.   INTRODUCTION

-1-

Mr. Street brings this action against Defendants to compensate him for damages and injuries suffered through his wrongful arrest and prosecution by Defendants and to punish the

appropriate Defendants, for their wrongful acts against Mr. Street such that it will prevent Defendants from subjecting others to such wrongful and egregious conduct.

-2-

Mr. Street brings this action under the First, Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law.

-3-

Mr. Street seeks damages for violation of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law.

-4-

Mr. Street demands a trial by jury.

## II.   JURISDICTION

-5-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States.

## III.   VENUE

-6-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

-7-

The incidents and injuries suffered by Mr. Street occurred in this judicial district.

-8-

At all times relevant to this Complaint, Mr. Street resided in Brunswick, Glynn County, Georgia in the Brunswick Division of the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(5).

IV. PARTIES

-9-

At all times relevant to this Complaint, Defendant County served as a county government with the right to sue and while Defendants Sheriff and detention officers served as the Sheriff and Detention officers for Glynn County, Georgia.

-10-

At all times relevant to this Complaint, Defendants Sheriff and detention officers served as duly sworn and licensed sheriff and detention officers of Glynn County, Georgia and acted under color of law and within the scope of their employment.

V. STATEMENT OF THE FACTS

-11-

On October 8, 2022, the Defendants Sheriff and Detention Officers held Mr. Street as a prisoner in the Glynn County Detention Center.

-12-

Defendant Detention Officers violently attacked Mr. Street for no reason.

-13-

Mr. Street protested the unwarranted attack upon him.

-14-

This seemed to anger Defendant Detention Officers more.

-15-

As a result of this vicious beating, Mr. Street received extremely painful injuries including contusions, sprains, rotator cuff injury, facial injury, facial fracture, and nasal fracture.

## VI.  CLAIMS FOR RELIEF

Mr. Street makes the following claims against Defendants.

### COUNT I

### FOURTH AMENDMENT

### UNREASONABLE FORCE
### EXCESSIVE FORCE
### 42 U.S.C. § 1983

-16-

Defendant Detention Officers used objectively unreasonable and excessive force in the illegal beating of Mr. Street.

-17-

The acts of Defendant Detention Officers violated Mr. Street's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

-18-

As a direct and proximate result of Defendant Detention Officers' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-19-

Defendant Detention Officers undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter Defendant Detention Officers from future wrongdoing.

## COUNT I

## FOURTEENTH AMENDMENT

## UNREASONABLE FORCE
## EXCESSIVE FORCE
## 42 U.S.C. § 1983

-20-

Defendant Detention Officers used objectively unreasonable and excessive force in the illegal beating of Mr. Street.

-21-

The acts of Defendant Detention Officers violated Mr. Street's right to be free from an unreasonable seizure in violation of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

-22-

As a direct and proximate result of Defendant Detention Officers' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-23-

Defendant Detention Officers undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter Defendant Detention Officers from future wrongdoing.

## COUNT III

## FIRST AMENDMENT

## FREEDOM OF SPEECH
## 42 U.S.C. § 1983

-24-

Defendant Detention Officers attacked Mr. Street without any justification to believe that Defendant Detention Officers needed to exert physical force upon Mr. Street.

-25-

Mr. Street verbally protested this baseless assault upon him without any justification to believe that Defendant Detention Officers needed to exert physical force upon Mr. Street.

-26-

Defendant Detention Officers ignored Mr. Street's pleas and beat him without mercilessly.

-27-

Defendant Detention Officers violated Mr. Street's right to free expression in violation of the First Amendment, enforceable through 42 U.S.C. § 1983.

-28-

As a direct and proximate result of Defendant Detention Officers' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-29-

Defendant Detention Officers undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter Defendant Detention Officers from future wrongdoing.

## COUNT IV

## FOURTEENTH AMENDMENT

## FAILURE TO INTERVENE
## 42 U.S.C. § 1983

-30-

The John Doe Defendants observed Defendant Hill brutalize Mr. Street without any reason, using objectively unreasonable and excessive force, both in violation of Mr. Street's right to be free of an unreasonable seizure under the Fourteenth Amendment.

-31

The John Doe Defendants failed to intervene and prevent Defendant Hill from violating Mr. Street's Fourth Amendment rights to be free of an unreasonable seizure, although The John Doe Defendants had a reasonable opportunity to do so.

-32-

As a direct and proximate result of the John Doe Defendants' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-33-

The John Doe Defendants undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter the John Doe Defendants' from future wrongdoing.

**COUNT V**

**FOURTH AMENDMENT**

**FAILURE TO INTERVENE**
**42 U.S.C. § 1983**

-34-

The John Doe Defendants observed Defendant Hill brutalize Mr. Street without any reason, using objectively unreasonable and excessive force, both in violation of Mr. Street's right to be free of an unreasonable seizure under the Fourth Amendment.

-35-

The John Doe Defendants failed to intervene and prevent Defendant Hill from violating Mr. Street's Fourth Amendment rights to be free of an unreasonable seizure, although The John Doe Defendants had a reasonable opportunity to do so.

-36-

As a direct and proximate result of the John Doe Defendants' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

-37-

The John Doe Defendants undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter the John Doe Defendants' from future wrongdoing.

## COUNT VI

## FOURTEENTH AMENDMENT

### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
### 42 U.S.C. § 1983

-38-

The John Doe Defendants were informed and observed that Mr. Street suffered serious injuries which included the bleeding on Mr. Street's face, the swelling on his face, and Mr. Street's complaints of pain to his shoulder.

-39-

It would have been obvious to a lay person and was or should have been obvious to the John Doe Defendants that Mr. Street's injuries required prompt medical attention.

-40-

However, the John Doe Defendants refused to have Mr. Street transported to the Emergency Room for three days while he suffered in excruciating pain, where he would have received medical treatment for his obviously serious injuries.

-41-

The John Doe Defendants acts or omissions were deliberately indifferent to Mr. Street's serious medical needs, thereby depriving him of due process under the Fourteenth Amendment or constituted an unreasonable seizure under the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

-42-

As a direct and proximate result of the John Doe Defendants' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-43-

The John Doe Defendants undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter the John Doe Defendants' from future wrongdoing.

## COUNT VII

## FOURTH AMENDMENT

### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
### 42 U.S.C. § 1983

-44-

The John Doe Defendants were informed and observed that Mr. Street suffered serious injuries which included the bleeding on Mr. Street's face, the swelling on his face, and Mr. Street's complaints of pain to his shoulder.

-45-

It would have been obvious to a lay person and was or should have been obvious to the John Doe Defendants that Mr. Street's injuries required prompt medical attention.

-46-

However, the John Doe Defendants refused to have Mr. Street transported to the Emergency Room for three days while he suffered in excruciating pain, where he would have received medical treatment for his obviously serious injuries.

-47-

The John Doe Defendants acts or omissions were deliberately indifferent to Mr. Street's serious medical needs, thereby depriving him of due process under the Fourth Amendment or constituted an unreasonable seizure under the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

-48-

As a direct and proximate result of the John Doe Defendants' deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-49-

The John Doe Defendants undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter the John Doe Defendants' from future wrongdoing.

**COUNT VIII**

**COUNTY AND SHERIFF LIABILITY**
**42 U.S.C. § 1983**

-50-

Defendants Sheriff and County at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

    a.      The use of objectively unreasonable and excessive force on detainees and arrestees;

    b.      Beating detainees when they object to unwarranted physical contact; and

    c.      Detainees and arrestees receiving serious injuries where to detention officers do not receive injuries during such encounters;

-51-

The above-described policy, custom, or practice was the direct, proximate cause of Defendants Sheriff and County violating Mr. Street's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

-52-

As a direct and proximate result of Defendants Sheriff and County deprivation of Mr. Street's rights protected by federal law, Mr. Street has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-53-

Defendants Sheriff and County undertook their conduct in utter disregard of Mr. Street's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Street to recover punitive damages in an amount to be decided by a jury to deter Defendants Sheriff and County from future wrongdoing.

**COUNT IX**

**ATTORNEY FEES**

**CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976**

**42 U.S.C. §1988**

-54-

Should Mr. Street prevail, he seeks attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

## VI.  RELIEF REQUESTED

**MARQUISE D. STREET**, Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as noted above.

### MARQUISE D. STREET DEMANDS A TRIAL BY JURY

Respectfully submitted this 5th day of October  2024.

/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.
Attorney for Marquise D. Street
Georgia State Bar No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\M-Z\POLICE    MISCONDUCT\M-Z\2023\STREET-M.CVR\—Z\PLEADINGS\STREET\COMPLAINT FOR DAMAGES